## ANTHONY v. SHICK ET AL.

PROMISSORY NOTE.—*Pleading.*—A complaint upon a promissory note, which alleges the indebtedness of the defendant to the plaintiffs, as partners, upon such note, giving the day of the execution of the same by the defendant to the plaintiffs, its amount, when due, where payable, alleging a waiver of valuation and appraisement laws, giving the proper credit for a payment, and averring that the remainder of the note is due and unpaid, and setting out as an exhibit a copy of a note corresponding with the one described and referring to such copy by a proper reference, is good upon demurrer.

From the Delaware Circuit Court.

*T. S. Walterhouse*, for appellant.

*J. N. Templer* and *R. S. Gregory*, for appellees.

SCOTT, J.—The appellees sued the appellant. Complaint as follows :

" Leonard Shick and William Shick, plaintiffs, complain of Samuel P. Anthony, defendant, and say that the defendant is indebted to the plaintiffs by their firm name of L. &. W. Shick, upon a certain promissory note, bearing date April 13th, 1876, and due ninety days after the day of the date thereof, calling for two hundred and twenty-seven and $\frac{76}{100}$ dollars, with ten per cent. interest after maturity, and signed by the defendant under the name and style of S. P. Anthony, a copy of which note is hereto attached and made a part of this complaint and marked exhibit 'A.' The whole of said note is due and unpaid, except the sum of one hundred dollars, which was paid and endorsed on said note August 20th, 1876. By the terms of said note, the defendant waives valuation and appraisement laws, and the note is payable at the Citizens' National Bank of Marion, Indiana. Wherefore," etc.

A note corresponding in all respects with the one described in the complaint was filed.

There was a demurrer to the complaint for want of sufficient facts to constitute a cause of action. The demurrer

was overruled and exception entered. The appellant then answered in three paragraphs : General denial, payment and no consideration. Reply, denying the facts in the affirmative answers ; trial by the court; finding for the appellees in the sum of one hundred and fifty-three dollars and ninety-three cents ; judgment on the finding.

The appellant thinks the court erred in overruling the demurrer to the complaint.

This court is of opinion that the court did not err.

The judgment is affirmed, with costs.